**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MELVIN CARTER,**<br><br>                   **Plaintiff,**<br><br>    v.<br><br>**EXCEL CONSTRUCTION AND MAINTENANCE VI, INC.,**<br><br>                   **Defendant.**<br>_____ | 1:21-cv-00241-WAL-EAH |

**TO:**    Namosha Boykin, Esq.
          Micol L. Morgan, Esq.

**ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion for Attorneys' Fees, filed on May 29, 2025 by Attorney Micol Morgan on behalf of Excel Construction and Maintenance VI, Inc. ("Excel"). Dkt. No. 61. Excel's motion came after the Court entered an Order sanctioning Namosha Boykin, Esq., counsel for Plaintiff Melvin Carter, and directing Excel to file a motion "proposing an appropriate hourly rate and providing evidence of how many hours Excel spent" responding to the sanctionable motion and the costs associated therewith. *See* Dkt. No. 60. For the following reasons, the Court will grant the motion and order Attorney Namosha Boykin to pay $5,980.00 in attorney's fees to Excel.

**BACKGROUND**

On January 2, 2025 Attorney Boykin, on behalf of Plaintiff Melvin Carter, filed a "Motion to Lift Stay and Proceed to Trial on All Issues Outside the Arbitration Agreement." Dkt. No. 43. Two weeks later, Excel filed an eleven-page response to the motion and attached fourteen exhibits. Dkt. No. 44. The Court set a hearing on Plaintiff's motion. Then, on January

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 2

30, 2025, Excel filed a motion for sanctions and an eight-page memorandum in support of its motion, alleging that Plaintiff violated Federal Rule of Civil Procedure 11 by filing the motion to lift stay, which contained clear falsehoods. Dkt. Nos. 46, 47. Prior to filing its motion for sanctions, Excel wrote a letter to Attorney Boykin stating its belief that her motion violated Rule 11 and urging her to withdraw the motion within the safe-harbor period allowed by the Rule. *See* Dkt. No. 47 at 5. On February 12, 2025, the Court held a hearing on Plaintiff's motion to lift stay and Excel's motion for sanctions.

After the hearing, the Court entered its ruling sanctioning Attorney Boykin in the form of attorney's fees payable to Excel. The instant motion—requesting compensation for two attorneys: Micol Morgan, Esq. and Michael Francisco, Esq.—timely followed. Dkt. No. 61. Attorney Morgan is a "firm share holder" with "nearly thirty years of litigation experience." *Id*. at 2. Excel requests that Attorney Morgan be compensated at a rate of $310.00 per hour, which rate she attests is discounted by $295.00 from her standard hourly billing rate of $605.00. *Id.* Attorney Francisco is entering his fifth year of practice in the law. *Id*. Excel requests that he be compensated at a rate of $275.00 per hour, which Attorney Morgan attests is discounted by $145.00 from his standard hourly billing rate of $420.00. *Id*. Excel argues that these hourly rates are reasonable and customary for this jurisdiction. *Id*. at 3. Excel also states that it did not incur any travel costs in connection with attending the hearing. *Id*. at 3 n.4. In total, based on those rates and the hours worked by each attorney, Excel seeks $7,791.00. *Id*. at 3. Excel attaches as an exhibit a spreadsheet showing the hours

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 3

worked with detailed narratives. Dkt. No. 61-2. It also attached an affirmation from Attorney Morgan attesting to the validity of the fees requested for both attorneys. Dkt. No. 61-3.

Attorney Boykin timely filed a response in opposition to Excel's motion on June 13, 2025. Dkt. No. 63. She states, without argument or citation to authority, that the attorney's fees "award" be reduced to zero because, "in granting the award the Court has exceeded its authority." *Id*. She further requests that the Court reduce all entries that are duplicative, unnecessary, and inconsistent with the Virgin Islands "UPL Statute," without identifying what that acronym stands for. *Id*. Finally, she requests, again without argument or citation to authority, that Excel's fee be reduced "to the extent that it is disproportionate to the award in the underlying case." *Id*. Without explanation, she articulates that the amount requested in Excel's motion should be reduced by 90 percent. *Id*. On July 6, 2025, Attorney Boykin filed an "Amended Opposition" brief. Dkt. No. 64. The brief was entirely new, and contained no trace of the original, one-page response brief Attorney Boykin filed on June 13. *See* Dkt. No. 64-1 (redlined version of amended opposition). For the reasons that follow, the Court will not consider that brief.

**DISCUSSION**

**I.     The Court Will Not Consider the Out-of-Time Amended Opposition**

The "Amended Opposition" was filed without any explanation as to why it should be considered timely, other than a passing reference to Rule 15(a) of the Federal Rules of Civil Procedure. However, Rule 15(a) is wholly inapplicable; that Rule describes the procedure for amending or supplementing "pleadings." Fed. R. Civ. P. 15. Only complaints, answers, and

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 4

replies to answers are considered pleadings for the purposes of the Federal Rules. *See* Fed. R. Civ. P. 7(a). Thus, Rule 15 has no bearing on a party's ability to "amend" or "supplement" its briefs. Instead, a party seeking to file a brief out of time must comply with Rule 6(b), which provides that an extension of a court-imposed deadline should only be granted "for good cause" and, when the request for an extension comes after the time to respond has expired, upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b). These rules are important: if an attorney could circumvent court-imposed deadlines by filing out-of-time amendments to briefs, the deadlines would be meaningless. That is, in part, why "'there is no discretion to grant a post-deadline extension absent a motion [for an extension of time] and showing of excusable neglect.'" *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) (quoting *Jones v. Cent. Bank*, 161 F.3d 311, 314 n.2 (5th Cir. 1998)). The deadline for Attorney Boykin to file a response was June 13, 2025. Dkt. No. 60 at 26. Attorney Boykin has demonstrated neither good cause nor excusable neglect for her untimely filing. Consequently, the Court will not consider it.

## II. Attorney Boykin's Objection to the Court's Authority

Contrary to Attorney Boykin's assertion, Excel's motion for attorney's fees is not being granted as an award to Excel. Rather, the fees are being charged to Attorney Boykin as a sanction for her "significant" violations of Rule 11(b)(3), which resulted in a substantial "expenditure of resources by Excel." Dkt. No. 60; *see also* Fed. R. Civ. P. 11(c)(4) (Rule 11 sanction may include, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 5

other expenses directly resulting from the violation."). This Court is authorized to enter appropriate sanctions, including attorney's fees, for violations of Rule 11. *Haim v. Neeman*, No. 12-cv-0351, 2014 WL 12617792, at *1 (D.N.J. June 11, 2014) ("a Magistrate Judge has the authority to decide a motion for sanctions under Rule 11 when the motion [does] not dispose of any claims or defense of plaintiffs."); *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994) (Magistrate Judge's ruling "imposing Rule 11 sanctions was not dispositive of any party's claims or defenses"); *see also Younis v. Infinity Grp.*, No. 02-cv-1848, 2003 WL 22100860, at *1 n.1 ("a Rule 11 Motion is not dispositive"). Because nothing in the Court's May 16 Order "dispose[d] of the case, or any claim or defense found therein," it was not dipositive. *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l, Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014).[1] Therefore, the Court will not reduce the compensation to Excel to zero.

---

[1] Aside from granting Excel's motion for sanctions, the Court also determined in its May 16 Order that this case should remain stayed pending the District Judge's determination of Plaintiff's Motion to Vacate in Part and Modify in Part the Arbitration Award. Dkt. No. 60 at 17-18. Although the Court held that "the issue of attorney's fees [wa]s not ripe to proceed to trial," it expressly left the stay in place to allow "the District Judge" to "determine[] how the case shall proceed." *Id*. Thus, it cannot be said that this Court in anyway disposed of Mr. Carter's claims. *See, e.g., Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp. 2d 508, 510 (E.D. Pa. 1998) (ruling on motion to stay pending arbitration and ruling on motion to lift stay were not made in excess of Magistrate Judge's authority); *Ainger v. Great Am. Assurance Co.*, No. 1:20-cv-00005, 2022 WL 3139079, at *7 (D.V.I. Aug. 4, 2022) (Magistrate Judge has authority to rule on motion to stay and to consider the merits of a dispositive motion when considering motion for stay); *cf. Virgin Islands Water & Power*, 561 F. App'x at 134 (rulings on motions to compel arbitration are not dispositive because the federal court retains "authority to dissolve any stay or make any orders effectuating arbitration awards").

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 6

### III.    Legal Standard for Determining Appropriate Attorney's Fees

Instead, the Court must determine whether the requested fees are reasonable and whether, in accordance with Rule 11, they are "directly resulting from the violation," and "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Generally, when calculating attorneys' fees, including when compensating a party for [the sanctionable conduct] of another, the Court undertakes the two-step 'lodestar' analysis." *Vitalis v. Sun Constructors, Inc.*, No. 2005-cv-0101, 2021 WL 3272198, at *3 (D.V.I. July 30, 2021) (applying lodestar method to determine attorney's fees payable as a sanction for opposing party's contempt of court's order). Under the lodestar method, the Court must determine whether the hourly rate sought is "reasonable in comparison to prevailing market rates in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted). It must then decide whether the hours billed were reasonably expended and must exclude time billed "that is excessive, redundant, or otherwise unnecessary." *Id.* (internal quotation marks omitted).

Importantly, the Court must be cognizant that Rule 11's "primary purpose is not wholesale fee shifting but rather correction of litigation abuse." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal brackets and quotations omitted). Accordingly, the Court has significant discretion in fashioning an appropriate sanction and in limiting attorney's fees to what is sufficient to deter future violations. *Id.* The total amount of the sanction "should be guided by equitable considerations." *Id.* at 195.

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 7

### IV.    Application

#### A.  Reasonableness of Hourly Rates

In support of the requested rates for its attorneys, Excel directed the Court to several cases from both the Superior Court of the Virgin Islands and this District Court finding comparable hourly rates appropriate. For example, in *Vitalis*, the District Judge determined that, in 2021, an hourly rate of $350.00 was appropriate for a firm shareholder, an hourly rate of $300.00 was appropriate for a senior associate, and an hourly rate of $225.00 was appropriate for an associate whose level of experience was not adequately attested to. 2021 WL 3272198, at *3. In recent years, "hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands." *Solar Leasing, Inc. v. Hutchinson*, No. 17-cv-0076, 2024 WL 1833516, at *6 (D.V.I. Apr. 26, 2024) (finding hourly rate of $300.00 per hour appropriate for experienced attorney in simple case). Accordingly, "hourly rates for experienced attorneys and less experience[d] associates is well-established in the Virgin Islands," at around $300.00-$350.00 per hour for more senior attorneys, while less experienced associates are granted a rate of around $275.00 in complex cases, depending on their years of practice. *Herishetapaheru v. Firstbank P.R.*, No. 2016-cv-0057, 2022 WL 991327, at *3 n.1 (D.V.I. Mar. 31, 2022) (collecting cases).

Neither the response to the motion to lift stay nor the sanctions motions involved particularly complex or novel legal issues. Accordingly, an amount on the lower end of these "well-established rates," is appropriate. Therefore, the Court finds that a rate of $300.00 per

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 8

hour is appropriate for Attorney Morgan, rather than the $310.00 she requested. Similarly, the Court will reduce Attorney Francisco's requested billing rate to $250.00 per hour, finding that his relatively few years of experience justify a slightly lower hourly rate given the context and complexity of the case in which these fees arise. These reduced rates also reflect the important consideration that Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct," and not to compensate the opposing party. Fed. R. Civ. P. 11(c)(4).

### B. Reasonableness of Time Expended

Excel's filings reveal that Attorney Francisco expended 13 hours on this matter, mostly spent researching and writing. His detailed "time narratives" demonstrate that the time he spent on this matter was reasonable in light of Plaintiff's filings and in light of the issues presented and length of the filings he drafted. Attorney Morgan expended 13.6 hours on this matter. Much of her time was spent reviewing Attorney Francisco's drafts, communicating with her clients, and preparing for and attending the oral arguments on the motions. While the Court understands the need for client communications and supervisor review, it finds that it is appropriate to exclude a percentage of Attorney Morgan's billed time, considering the need to limit Rule 11 sanctions with a view toward equity and the need to reduce excessive time billed. Accordingly, the Court will reduce the amount billed by Attorney Morgan by approximately one-third, or 4.5 hours, for a total of 9.1 hours.

### CONCLUSION

Applying the lodestar method, the Court finds that, as to Attorney Francisco, Excel is entitled to be repaid for 13 hours of work at an hourly rate of $250.00, for a total of $3,250.00.

*Carter v. Excel Construction & Maintenance VI, Inc.*
1:21-cv-00241-WAL-EAH
Order
Page 9

As to Attorney Morgan, Excel is entitled to be repaid for 9.1 hours of work at an hourly rate of $300.00, for a total of $2,730.00. Thus, in total, Attorney Boykin shall pay Excel $5,980.00 in attorneys' fees as a sanction for her violation of Rule 11.

Accordingly, it is hereby **ORDERED:**

1. Excel's Motion for Attorneys' Fees, Dkt. No. 61, is **GRANTED,** with the limitations on the fees requested in the motion as described in this Order**.**

2. Attorney Boykin is **SANCTIONED** in the amount of $5,980.00 payable to Excel as attorney's fees. This sanction shall not be billed or otherwise taxed to Attorney Boykin's clients.

ENTER:

Dated: July 25, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE